UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORIO HERRERA
GONZALEZ,

    Petitioner,

v.                                                      Case No: 6:25-cv-2449-JSS-RMN

ENFORCEMENT AND REMOVAL
OPERATIONS,

    Respondent.
_____/

## **ORDER**

    Petitioner, an immigration detainee in the North Florida Detention Facility, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1 at 1.) He seeks release from custody. (*Id*. at 7.)

    The proper venue for a section 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495–96 (1973); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."). Further, Middle District of Florida Local Rule 1.04(b) requires a civil action to be filed "in the division to which the action is most directly connected or in which the action is most conveniently

advanced." M.D. Fla. 1.04(b). District courts have the authority to transfer a case to any division in which the case could have been brought. 28 U.S.C. § 1406(a).

Here, Petitioner is detained in the North Florida Detention Facility, (*see* Dkt. 1 at 1)—a facility located in Baker County, Florida, and thus within the Jacksonville Division of this court, *see* M.D. Fla. R. 1.04(a). Accordingly, the Clerk is **DIRECTED** to transfer this case to the Jacksonville Division pursuant to Local Rule 1.04(b) and 28 U.S.C. § 1406(a).

**ORDERED** in Orlando, Florida, on January 5, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties